| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Martin Ferron, §
§
      Plaintiff, §
§
versus §    Civil Action H-10-1037
§
Morrison Energy Group, LLC, §
§
      Defendant. §

## Opinion on Summary Judgment

1. *Background.*

This is a dispute over compensation for Martin Ferron, a former chief executive officer for Morrison Energy Group, LLC. Ferron has sued for the long-term incentives in his contract. Morrison Energy has moved for summary judgment on liability.

Chet Morrison owned several oil-related construction and repair companies, and he consolidated them into Morrison Energy. Morrison Energy hired Ferron in October 2008 as its CEO. Morrison remained as its executive chairman. For the next year, Ferron focused his efforts on a subsidiary in Houston that generates roughly one-tenth of the company's business. Morrison told Ferron repeatedly to attend equally to all operations. Morrison Energy fired Ferron in November 2009.

2. *Bonuses.*

In addition to his yearly salary of $500,000, Ferron's contract included both a long-term incentive bonus and a cash bonus. The parties have agreed that Ferron cannot receive the cash bonus.

The two-part incentive bonus was conditioned on Ferron's performance. In the contract, his goals were to increase and sustain long-term profitability. The first incentive was a fixed amount of $1 million for five years of service. The second incentive was 3.75% of earnings before interest, taxes, depreciation, and amortization for each year he worked. The contract allowed a reduced bonus for fewer than five years. The earnings portion of the reduced

bonus could be calculated annually by multiplying twenty percent of the earned bonus to date by the number of years worked. Ferron claims one year of this percentage of earnings and one-fifth of the fixed $1 million.

3.  *Leaving.*

The words "leave" and "terminate" are both used when describing how to calculate fewer than five years of the earned bonus. The body of the contract says, "should you leave before 5 years, your earned [bonus] will be calculated" by the formula. Later, in the notes under a chart showing the calculations, it says, "percentage of cash flow will be lower for earlier years in the event of termination prior to Year 5." "Leave" and "in the event of termination" cannot plausibly be construed to include dismissal for cause in the context of a bonus. Ferron has not earned the bonus because of his poor performance.

4.  *Conditional Incentive.*

Even if the contract means that Ferron could receive part of his bonus when he is fired for cause, the bonus was conditioned on his achieving Morrison Energy's goals. Its purpose is to encourage performance, and the parties intended it to be conditional. It is not disputed that Ferron was fired because he did not accomplish the goals or live up to expectations. Because Ferron did not achieve the goals, none of the incentive was earned. He is owed nothing.

5.  *Inadmissable Evidence.*

Morrison Energy moved to strike as inadmissable a letter offering Ferron $100,000, one-half of Ferron's assumed fixed bonus, when terminating him. This letter is a settlement offer and it is not allowed. The letter illustrates perfectly the reason for the rule. The basis for the offer is unknown and it does not help to determine the contract's meaning.

Signed on June 30, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge